## LIABILITY FOR FAILURE TO DELIVER TELEGRAPH MESSAGE.

Common Pleas Court of Hamilton County.

PLAUT & ISAAC V. THE WESTERN UNION TELEGRAPH COMPANY.

Decided, April, 1909.

*Contract—For Transmission of Telegram—Diverse Rules in Different States as to Liability for Failure to Deliver—Law of State from which Message was Sent Controls.*

In an action against a telegraph company for damages for failure to transmit a message from New York to Ohio, the provision of the contract for transmission as to non-liability for an unrepeated message, which provision constitutes a good defense in New York but not in Ohio, is available to the telegraph company.

*William Littleford,* for plaintiff.
*Louis A. Ireton* and *Walter M. Schoenle,* contra.

WOODMANSEE, J.

The petition in this case discloses that the Western Union Telegraph Company undertook to transmit to Dayton, Ohio, a message that was delivered to it by the defendant company through its agent in New York City, which telegram was worded in substance as follows:

"Your order is protected. Will write particulars."

In the message delivered at Dayton, the letter *c* was changed to *s*, so that the message read:

"Your order is protested. Will write particulars."

It is claimed by the plaintiff that because of the carelessness and negligence on the part of the telegraph company in transmitting this message that a certain contract was canceled, to their damage, for which judgment is asked.

As a first defense to this petition the defendant admits that such a message was presented to it in the city of New York in

the state of New York, and that one of the express conditions of the contract between the parties was as follows:

''All messages taken by this company are subject to the following terms:

'' 'To guard against mistakes or delays, the sender of a message should order it repeated; that is, telegraphed back to the originating office for comparison. For this, one-half of the regular rate is charged in addition. It is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delays in the transmission of any unrepeated message beyond the amount received for sending the same.' ''

It is claimed by the defendant company that the message in question was not repeated. and it is conceded by both parties that under the law in New York the defendant company is not liable for mistakes like the one in question, unless the telegram is repeated, while in the state of Ohio such stipulation in the contract does not relieve the company.

The vital question to be decided upon the demurrer to this defense is whether or not the law of New York or the law of Ohio governs.

After a careful review of the authorities I am convinced that the law of the state of New York governs in this case.

*Reed* v. *Union Telegraph Company,* reported 135 Mo., p. 661, has to do with a message sent from Iowa to a place in Missouri, and contained the provision as to non-liability of the company for an unrepeated message. The law of Missouri holds such stipulation void as against public policy, and the Supreme Court of Missouri has this to say:

''The contract was made in Iowa and according to its terms it was to be partly performed in that state. Indeed it is quite evident that its breach occurred in that state. Does the circumstance that it was to be partly performed in Missouri exempt it from the laws of Iowa? We think most clearly not. The tariff was paid and defendant entered upon the performance of the contract in that state. The statutes and the laws of Iowa are therefore pertinent and admissable, and determine the effect of said contract.''

The demurrer to the first defense in the answer of the defendant is overruled.